# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

EDWARD CLARENCE ROSS,

Defendant-Appellant.

UNPUBLISHED
May 24, 2018

No. 321353
Kalamazoo Circuit Court
LC No. 2012-001925-FC

## ON REMAND

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

This case returns to us on remand from the Michigan Supreme Court, which concluded that we had erred in admitting certain testimony under the res gestae rule. The Court directed us to *People v Jackson*, 498 Mich 246; 869 NW2d 253 (2015), which held that there is no res gestae exception to MRE 404(b) and directed us to reconsider whether the challenged evidence was admissible under MRE 404(b). We ordered supplemental briefing.[1] We conclude that as to the charges of first-degree murder and felony firearm, the evidence was both procedurally and substantively inadmissible, it prejudiced defendant, and rose to the level of outcome determinative. We therefore reverse defendant's conviction of first-degree murder and felony firearm and remand for a new trial on those charges. However, we affirm defendant's conviction of solicitation of murder.

## I. FACTS

Defendant was charged with three crimes arising out of two different events. He was charged with first degree murder[2] and felony firearm[3] for the shooting death of Jheryl Wright

---

[1] *People v Ross*, unpublished order of the Court of Appeals, entered January 22, 2018 (Docket No. 321353).

[2] MCL 750.316(1).

[3] MCL 750.227b.

-1-

outside a Quick Stop convenience store ("the Quick Stop shooting").[4] He was also charged with solicitation of murder.[5] The intended victim of the murder solicitation was Ciero Farris.

No witness could identify defendant as the Quick Stop shooter, and there was conflicting evidence as to whether defendant's height and weight were consistent with the very general descriptions of the shooter given by the two eyewitnesses not called to testify.[6] Two other witnesses offered testimony that supported the prosecution's case. According to a police officer, when he interviewed defendant's sister, she told him that defendant asked her if she had heard about the Quick Stop shooting and told her that he knew who did it.[7] Far more specific was the testimony of Adrian Travier. He testified that defendant told him that he had sought out and killed Wright because Wright had paid him with counterfeit money in exchange for drugs.[8] Travier was cross-examined at length concerning his own criminal record.

The evidence that defendant solicited the murder of Farris rested on tape recorded conversations between defendant and Travier made after Travier agreed to cooperate with the police. In those conversations, the two men discussed defendant's request that Travier kill Fiero. Travier also testified as to similar conversations that were not recorded. The alleged reason that defendant wanted Fiero to be killed was that he had learned that she had been questioned by the police regarding the Quick Stop shooting and about an uncharged robbery earlier the same night at a house on Dutton Street ("Dutton Street robbery"). The prosecution maintained that defendant abetted the Dutton Street robbery in which a man was shot.

At the outset of the trial, the prosecution indicated that it would introduce several witnesses whose testimony would concern only the uncharged Dutton Street robbery. Defendant objected pursuant to MRE 404(b). He argued that evidence about the Dutton Street robbery was not probative of facts relevant to the actual charges, that it was character evidence, and that it would be confusing to the jury since the prosecution planned to begin its case with a one-and-a-half day of testimony devoted to the Dutton Street robbery, a crime defendant was not charged

---

[4] For convenience of the reader and to avoid repetition, we will not specifically reference the felony firearm charge in the balance of this opinion. References to the charges arising out of the Quick Stop shooting as well as references to the murder charge should be read to include the felony firearm charge as well.

[5] MCL 750.157b(2).

[6] According to the police report, "Sarbjit Singh, A Quick Stop clerk, told police through an interpreter that the shooter was 'a 19 to 20 year old black male approximately 5'11" with an average to skinny build.' Mike Stanfill, who apparently witnessed the shooting from across the street, described the shooter in two police reports 'as a tall/skinny [black male]' and 'taller than 5-8, [and] thin.'" *P v Ross*, unpublished per curiam opinion of the Court of Appeals, issued June 30, 2015 (Docket No. 321353), p 3.

[7] At trial, defendant's sister testified that she did not recall saying that her brother told her that he knew who had committed the Quick Stop murder.

[8] *Ross*, unpub op at 6.

with. The trial court overruled the objection on the grounds that the Dutton Street robbery was part of the res gestae of the crimes since it occurred the same night as the Quick Stop shooting, and because the alleged motive for the solicitation of murder charge was defendant's belief that Fiero was talking to the police about the Dutton Street robbery as well as the Quick Stop shooting. We affirmed that ruling, but the Michigan Supreme Court concluded that we had erred in admitting the testimony under the res gestae rule. The Court directed us to *People v Jackson*, 498 Mich 246; 869 NW2d 253 (2015), in which it had held that there is no res gestae exception to MRE 404(b). Accordingly, it directed us to reconsider whether that evidence was admissible under MRE 404(b). Accordingly, we now consider whether the Dutton Street robbery evidence was admissible under MRE 404(b) as to each of the crimes committed.

## II. MRE 404(b)

Admission of evidence under MRE 404(b) has both a procedural and substantive aspect. Procedurally, the prosecution is required to provide defendant with pretrial notice of its intent to introduce the other-acts evidence. MRE 404(b)(2);[9] *People v Denson*, 500 Mich 385; 902 NW2d 306 (2017). Substantively, MRE 404(b)(1) sets out the rule regarding the admission of other-acts evidence, and provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

Understanding that the Supreme Court has directed us to review the issue under MRE 404(b), we will now consider whether admission of the Dutton Street robbery evidence was error: (a) as to the solicitation of murder charge, and (b) as to the charges arising out of the Quick Stop shooting. We will then consider whether erroneous admission of any such evidence was harmless error.

---

[9] MRE 404(b)(2) provides as follows:

> The prosecution in a criminal case *shall* provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence. If necessary to a determination of the admissibility of the evidence under this rule, the defendant shall be required to state the theory or theories of defense, limited only by the defendant's privilege against self-incrimination. [Emphasis added.]

## A. SOLICITATION OF MURDER

Procedurally, the admission of the Dutton Street robbery violated MRE 404(b)(2)'s requirement of pre-trial notice. However, it was substantively admissible to the solicitation of murder charge because it was highly probative of the motive for the killing of Farris. According to Travier, defendant wanted to have Farris killed because she was talking with the police about the Dutton Street robbery, and was implicating defendant as an abettor in that crime. MRE 404(b)(1) provides that if the evidence is probative as to motive, it may be admitted.[10] This is consistent with *People v VandeerVliet*, 444 Mich 52, 84-87; 508 NW2d 114 (1993) and *Denson*, 500 Mich at 397. Therefore, the evidence was admissible under MRE 404(b)(1) to show defendant's motive and was not substantially more prejudicial than probative.

Accordingly, we conclude that the Dutton Street robbery with regard to the solicitation of murder charge was substantively admissible under MRE 404(b)(1), but procedurally defective because of the lack of pretrial notice of intent to admit the other-acts evidence.

## B. THE QUICK STOP SHOOTING

The evidence about the Dutton Street robbery was, as already noted, procedurally defective due to the lack of notice. It was also substantively inadmissible because it was irrelevant to the Quick Stop shooting: it was not relevant to "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." MRE 404(b). Other than occurring on the same night as the Quick Stop shooting, there was no evidence that the Dutton Street robbery was connected to it. Farris did not have any knowledge of the Quick Stop shooting, and was not a witness to it. She offered no testimony about the Quick Stop shooting.[11]

At the same time, the evidence about the Dutton Street robbery was prejudicial. From it, a jury could conclude that defendant was a dangerous man of bad character, and that he was therefore likely to have been the Quick Stop shooter regardless of any lack of evidence linking him to that crime.[12] As the Supreme Court stated in *Denson*, 500 Mich at 397-398:

> Far from mere technicality, this prohibition gives meaning to the central precept
> of our system of criminal justice, the presumption of innocence. This rule reflects

---

[10] A defendant may challenge such evidence on other grounds, however, including the argument that its admission violates MRE 403.

[11] There was evidence that Farris had been questioned by the police about the Quick Stop shooting as well as the Dutton Street robbery and that defendant's motive in soliciting her murder concerned both of these crimes. However, the fact that the Quick Stop shooting was relevant to the solicitation of murder charge does not explain why the Dutton Street robbery was relevant to the question of defendant's guilt in the Quick Stop shooting.

[12] In other words, "the introduction of this evidence may have "diverted the jury from an objective appraisal of defendant's guilt or innocence for the crime[] charged." *People v Ullah*, 216 Mich App 669, 676; 550 NW2d 568 (1996).

the fear that a jury will convict a defendant on the basis of his or her allegedly bad character rather than because he or she is guilty beyond reasonable doubt of the crimes charged. Indeed, the very danger of other-acts evidence is not that it is irrelevant, but, to the contrary, that using bad acts evidence can weigh too much with the jury and . . . so overpersuade then as to prejudge one with a bad general record and deny him a fair opportunity to defendant against a particular charge. Woven inextricably into the fabric of our jurisprudence is the principle that we try cases rather than persons. . . . [Quotation marks and citations omitted.]

Accordingly, we conclude that the evidence about the Dutton Street robbery was both procedurally and substantively inadmissible with regard to the Quick Stop shooting.

## C. HARMLESS ERROR

Given our conclusions regarding the admissibility of the evidence, we must consider whether the error constitutes harmless error as to each of the charges.[13] As to the solicitation of murder charge we conclude that it was harmless. The evidence of defendant's guilt as to this charge was overwhelming. The jury heard tapes of phone calls in which defendant directed Travier to commit the murder, and discussed how to find Farris. In addition, Travier cooperated with the police and, consistent with the tapes, testified about the solicitation made by defendant. And defendant had a strong motive given his belief that Farris was discussing the Quick Stop shooting (as well as the Dutton Street robbery) with the police. Therefore, despite the procedural error of lack of notice, we conclude that had the challenged evidence been excluded it would not have affected the jury's deliberations as to the solicitation charge and it did not undermine the reliability of the verdict.

We do not, however, reach the same conclusion regarding the Quick Stop shooting. First, admission of the evidence concerning the Dutton Street robbery was *both* procedurally and substantively erroneous. In addition, the evidence about the Quick Stop shooting was far from overwhelming. The only evidence that defendant committed the Quick Stop shooting was the testimony of Travier in which he stated that defendant admitted to him that he had done the Quick Stop shooting.[14] As already noted, Travier was cross-examined about his own criminal history. And unlike the solicitation of murder charge, there was no tape to demonstrate the veracity of Travier's testimony about this other crime. In addition, other evidence of guilt was

---

[13] See *People v Denson*, 500 Mich 385, 409; 902 NW2d 306 (2017) (applying the harmless-error review where other-acts evidence was improperly admitted under MRE 404(b)); see also *Jackson*, 498 Mich at 296, 279 (holding that the admission of other acts evidence without the proper notice is subject to harmless error review).

[14] The testimony of defendant's sister that defendant told her he knew the identity of the shooter also had probative value, but even with that a jury could certainly have concluded that there was a reasonable doubt as to defendant's guilt.

lacking. No witness identified defendant as the shooter at the Quick Stop, and the security videotape showed the assailant only from behind. There was also evidence that defendant did not fit the description given by the one witness who saw the assailant at the store.[15] In addition, there was no forensic evidence linking defendant to the shooting or the Quick Stop location. Given the limited evidence as to the Quick Stop shooting, we cannot conclude that the evidence of the Dutton Street shooting did not undermine the reliability of the verdict or affect the outcome of the trial.

## III. CONCLUSION

The evidence of the Dutton Street robbery was erroneously admitted at trial. However, because the admission was harmless error as to the solicitation of murder charge, we affirm that conviction. Because the admission was not harmless error as to the Quick Stop shooting, we reverse defendant's convictions of first degree murder and felony firearm and remand for a new trial on these charges. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro

---

[15] As we discussed in our prior opinion, there were two potential witnesses who could not be located and who gave descriptions not clearly consistent with defendant's appearance.